## Louchheim, Appellant, *v.* Somerset Building & Loan Association (No. 2).

*Building association—Fraud of secretary—Reissue of stock—Estoppel.*

Where a member of a building association withdraws, surrenders her pass book and receives the withdrawal value of her stock, and thereafter the secretary without the knowledge of the association or any of its officers, fraudulently delivers the book to another person, who in good faith pays to the secretary the withdrawal value of the shares, and the secretary embezzles the same, and it appears that the secretary had no authority either express or implied to reissue the stock, the association is not liable for the loss to the person purchasing the stock; and it is immaterial that the latter has in his possession a certificate of stock bearing the date of the transfer of the pass book, signed by the president and secretary, if it appears that nothing was paid on the faith of the certificate, and there is nothing to show when or under what circumstances it was delivered.

Argued Oct. 14, 1903. Appeal, No. 50, Oct. T., 1903, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 345, sustaining exceptions to report of referee in case of Harry F. Louchheim v. Somerset Building & Loan Association. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of E. Hunn Hanson, Esq., referee. The facts appear by the opinion of the Superior Court.

*Errors assigned* were in sustaining exceptions to report of referee.

*S. K. Louchheim,* with him *V. Gilpin Robinson* and *S. Davis Page,* for appellant.

*Horace Haverstock* and *Frank P. Prichard,* for appellee.

OPINION BY RICE, P. J., July 28, 1904:

Under our decision in the case of Walter C. Louchheim, in which we herewith file an opinion, the monthly payments to Houseman, the secretary of the association, between January, 1899, and June, 1900, must be left out of consideration. The case will then stand thus: In March, 1895, Ella Scharneck subscribed for ten shares of the thirty-seventh series of the stock of the association and a deposit book was issued to her. She paid her dues regularly in accordance with the by-laws of the association until October, 1897. In December following she withdrew from the association and surrendered to it the deposit book and received $332.80, the withdrawal value of the shares. The learned referee was requested to find that she surrendered the book "for cancelation," to which request he answered "that the purpose of the surrender did not appear." As she was not concerned with the disposition of the book after her withdrawal it is probably true that she did not have this specific purpose in mind. Nevertheless the prima facie legal effect of her withdrawal, pursuant to which she received from the association the withdrawal value of her shares and thereupon surrendered the deposit book, was to extinguish all her rights and interest in the association which, by virtue of her membership therein and her ownership of the shares of stock which the book represented, had been vested in her, and in the absence of explanatory evidence it is to be conclusively presumed that the book was surrendered with that purpose in view. Cancellation of the book would have added nothing to and the omission to cancel or destroy it in no way limited or detracted from the effect of this concurrent action of Ella Scharneck and the association. Hence the allegation of the plaintiff's statement "that on the 18th day of January, Anno Domini, 1898, he became the owner by assignment from Ella Scharneek of ten shares of the capital stock of the defendant association," is not sustainable in law because at that time she had nothing to assign; nor is it the fact that the plaintiff's title, whatever

VOL. XXV—22

it may be, was derived by assignment from her. In short, an attempt on her part to transfer to the plaintiff any right, title or interest in or to the extinguished shares of stock would have been ineffectual as against the association, and she made no such attempt. The plaintiff's claim is based on a transaction which is thus described in a point presented by the defendant, to the affirmation of which by the referee no exception was taken. In January, 1898, the month after the book had been surrendered, " Benjamin F. Houseman, the secretary of the association, fraudulently and without the authority or knowledge of the association or of its officers, took this book to the plaintiff and sold it to said plaintiff receiving from him therefor the check of the plaintiff drawn to his, Houseman's, personal order." The amount of the check was $332.80, this being the amount which had been paid to Ella Scharneck upon her withdrawal as above stated. Houseman fraudulently converted the money to his own use. The association received no benefit of any kind from the transaction, and, so far as the evidence shows, the board of directors had no knowledge of it until after the death of Houseman and about the time the plaintiff gave notice of withdrawal. The referee found, we think correctly, that the transaction, according to the plaintiff's understanding and intention, was the purchase from the association, not from Ella Scharneck, of the book and the stock it was supposed to represent. He doubtless supposed that this was a valid reissue of the stock and that its effect was to vest in him the right and title which Ella Scharneck had immediately before her withdrawal. There is no ground for questioning his good faith ; it is nevertheless true that if he had examined the by-laws of the association he would have seen that a reissue of the shares of stock which had been surrendered by a withdrawing member was not within the scope of the powers either expressed or implied of the secretary. And, granting for the sake of the argument, that the board of directors had such implied power, he was bound to know that, without their prior authorization, or subsequent ratification or the actual reception of the money by the association, the action of the secretary could not vest in him any right either legal or equitable with respect to these shares as against the association. Therefore he must be deemed to have taken the risk which, with such imputed knowledge,

was incident to his reposing confidence in the secretary. If the case rested here there would be no ground whatever either of contract or ratification or estoppel upon which a decision holding the association liable for the amount he paid Houseman could be sustained.

But it appears that the plaintiff has in his possession a certificate bearing the date of the transfer of the deposit book, signed by the president and secretary, and purporting to entitle the plaintiff to ten shares of stock of the association in the thirty-seventh series. The referee reported that there was not sufficient evidence from which it could be found when or under what circumstances the plaintiff received this certificate, " and he seemed for a long time, indeed until suit was brought, not to know that he had it: " also that he did not receive it at the time he received the deposit book and did not purchase the ten shares nor part with anything on the faith of the certificate. In view of these findings of fact, all of which were fully justified by the evidence and none of which was excepted to, we are unable to conclude that the certificate can be regarded as presumptive evidence of a valid confirmation or ratification of Houseman's unauthorized and fraudulent acts whereby he attempted to reissue the Scharneck shares and vest in the plaintiff the rights she had immediately prior to her withdrawal. The certificate does not expressly nor inferentially declare that it was issued for that purpose, and there is no evidence that the board of directors authorized a reissue of the Scharneck shares or that they knew of or in any way recognized, confirmed or ratified Houseman's action in that regard or that the association derived any benefit whatever from the transaction. And, as the plaintiff parted with nothing on the faith of the certificate, the doctrine of Kisterbock's Appeal, 127 Pa. 601, cannot be invoked by him, as the learned referee and the court below held. To adopt the language of Mr. Justice PAXSON in Wright's Appeal, 99 Pa. 425, simply substituting the name of Houseman for that of Morton, the case is one of clear embezzlement on the part of Houseman ; and much as we regret the loss it will entail upon the plaintiff, we see nothing that would justify us in throwing the consequences of his misplaced confidence upon the defendant.

Judgment affirmed.